IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| R.H., INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, T.H.,<br><br>      Plaintiff,<br><br>  vs.<br><br>DR. PATRICIA HAMAMOTO, ETC., ET AL.,<br><br>      Defendant. | CIVIL NO. 06-00201 JMS-LEK |

**FINDING AND RECOMMENDATION TO GRANT**
**DEFENDANTS' MOTION TO DISMISS COMPLAINT**

Before the Court, pursuant to a referral by United States District Judge J. Michael Seabright, is Defendants Patricia Hamamoto, in her official capacity as Superintendent of the Hawai`i Public Schools, and the State of Hawai`i Department of Education's (collectively "Defendants") Motion to Dismiss Complaint, filed September 22, 2006 ("Motion").  Plaintiff R.H., individually and on behalf of her minor child, T.H. ("Plaintiff") did not file a response to the Motion.  This matter came on for hearing on November 2, 2006.  Jerrold Yashiro, Esq., appeared on behalf of Defendants.  Counsel for Plaintiff, Ramona Hussey, Esq., failed to appear.  After careful consideration of the Motion, and the relevant legal authority, this Court HEREBY FINDS AND RECOMMENDS that Defendants' Motion be GRANTED for the reasons set forth below.

## BACKGROUND

On April 17, 2006, Plaintiff filed the Complaint in the instant action pursuant to the Individuals with Disabilities in Education Act ("IDEA"). Plaintiff seeks declaratory relief reversing the decision of the administrative hearings officer. The Complaint alleges that T.H. is a student with disabilities and that Defendants denied him a free, appropriate, public education and denied him a due process hearing on the merits of his case. The Complaint also alleges claims under the Rehabilitation Act and the Civil Rights Act. Defendants filed their Answer to the Complaint on May 10, 2006.

This Court held a Rule 16 Scheduling Conference on July 24, 2006. Ms. Hussey appeared for Plaintiff and Mr. Yashiro appeared for Defendants. This Court set the following briefing schedule: Plaintiff's opening brief – August 23, 2006; Defendants' answering brief – September 22, 2006; and Plaintiff's reply – October 6, 2006. The minutes of the Scheduling Conference were mailed to Ms. Hussey electronically.

On August 15, 2006, Mr. Yashiro sent Ms. Hussey a letter reminding her that it was Plaintiff's responsibility to request the administrative record. This Court never received the administrative record and Plaintiff did not file her opening brief. Defendants filed the instant Motion on September 22, 2006, seeking to dismiss the Complaint pursuant to Federal Rule

of Civil Procedure 41(b) for failure to prosecute.

Plaintiff did not file a response to the Motion.

## **DISCUSSION**

Courts do not take failure to comply with court orders lightly.  Rule 16(f) provides, in pertinent part:

> If a party or party's attorney fails to obey a scheduling or pretrial order, . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B),(C),(D).

Fed. R. Civ. P. 16(f).  Rule 37(b)(2)(C) provides that if a party fails to obey a court order, the court may "dismiss[] the action or proceeding or any part thereof . . . ."  Fed. R. Civ. P. 37(b)(2)(C).

In addition, Rule 41(b) provides for involuntary dismissal for "failure of the plaintiff to prosecute or to comply with . . . any order of court . . . ."  Fed. R. Civ. P. 41(b).  Unless the court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits.  See id.

Plaintiff failed to comply with this Court's order to file her opening brief by August 23, 2006.  Plaintiff effectively has failed to prosecute this case.  After weighing the five dismissal factors set forth in Bautista v. Los Angeles County,

3

216 F.3d 837, 841 (9th Cir. 2000),[1] the Court finds that the public interest in expeditious resolution of this litigation and the court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits.  Moreover, Defendants will not be prejudiced and there are no less drastic alternatives available at this time.

## **CONCLUSION**

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Defendants' Motion to Dismiss Complaint, filed September 22, 2006 be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, November 3, 2006.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**R.H., ETC. V. DR. PATRICIA HAMAMOTO, ETC., ET AL; CIVIL NO. 06-00201 JMS-LEK; FINDING AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS COMPLAINT**

---

[1] The Ninth Circuit has delineated five factors a district court must weigh in determining whether to dismiss a case for failure to comply with a court order: "1) the public interest; 2) the court's need to manage the docket; 3) the risk of prejudice to the defendant; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives." Bautista, 216 F.3d at 841 (citation omitted).